1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **DISTRICT OF ARIZONA**

8  Carlos Yanez Peyron,

9          Petitioner,                                    CV 15-0414-TUC-JGZ (JR)

10  vs.                                                   **REPORT AND**
                                                          **RECOMMENDATION**
11  Charles L. Ryan, et al.,

12          Respondents.

13

14

15          Pending before the Court is Carlos Yanez Peyron's Amended Petition for Writ

16  of Habeas Corpus (Doc. 10) filed pursuant to 28 U.S.C. § 2254.  In accordance with

17  the Rules of Practice of the United States District Court for the District of Arizona

18  and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report

19  and recommendation.  As explained below, the Magistrate Judge recommends that

20  the District Court, after an independent review of the record, dismiss the Petition

21  with prejudice.

22

## I.      Factual and Procedural Background

In its Memorandum Decision affirming Peyron's conviction and sentence, the Arizona Court of Appeals summarized the factual background as follows:[1]

> In May 2010, A.M. and C.M. were working at the M & M Customs shop when Carlos Peyron and three other men entered.  One placed a gun at C.M.'s back and told him to hand over the stereo equipment and money.  C.M. pushed A.M. into the shop's office and A.M. slammed the office door closed.  A.M. retrieved his shotgun from the office, re-entered the store, and fired a round, which distracted the men and allowed C.M. to get his own weapon from his toolbox.  One of the four men ran out the back door, then turned around and fired two shots at C.M., who fired back two times.  C.M. returned to the store to find A.M. holding Peyron and the other two men at gunpoint.
>
> Police arrived at the scene almost immediately in response to a 9–1–1 call.  When the police arrived, they found one deceased person behind the store and three men being held at gunpoint inside.  Peyron had a head injury, which he attributed to being pistol whipped.  The police brought Peyron to the hospital for treatment, and after he was released, brought him to the police station for interrogation.

*State v. Peyron*, 2013 WL 1093055 (Ariz. App. March 14, 2013); Ex. E (copy of decision).[2]

After a jury trial, Peyron was convicted of first-degree felony murder, and two counts each of attempted armed robbery, attempted aggravated robbery, and kidnapping.  Ex. E, p. 1; Ex. A, pp. 1-2 (Indictment).    The trial court sentenced

––––––––––––––––––––––––

[1] The factual summary of the Arizona Court of Appeals is accorded a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Moses v. Payne*, 555 F.3d 742, 746 n. 1 (9th Cir. 2009) (citing *Hernandez v. Small*, 282 F.3d 1132, 1135 n. 1 (9th Cir. 2002)).

[2] Unless otherwise indicated, all exhibit references are to the exhibits attached to the Respondents' Answer to Amended Petition for Writ of Habeas Corpus (Doc. 13).

Peyron to a term of life with the possibility of parole after 25 years on the felony murder count, with the sentences on the remaining counts to be served concurrently to the term imposed for the felony murder conviction.  Ex. A, pp. 3-7 (sentencing Minute Entry).

On direct appeal, Peyron raised four claims, alleging that (1) the trial court abused its discretion by denying his motion to suppress his statements as involuntary; (2) in violation of his due process and equal protection, the Pima County Attorney arbitrarily refused to extend a plea offer; (3) the trial court erred by failing to dismiss the homicide count because it was based on hearsay testimony that was admitted in violation of the Confrontation Clause, and (4) the trial court erred by improperly instructing the jury on reasonable doubt and thereby relieving the state of its constitutional burden of proof.  Ex. B., pp. ii-iii, Ex. E, pp. 1-2.  By Memorandum Decision filed on March 14, 2013, the Arizona Court of Appeals affirmed Peyron's convictions and sentences.  Ex. E, p. 13.  Peyron did not seek review of the decision by the Arizona Supreme Court.  Exs. F, G.

On November 21, 2013, Peyron subsequently filed a PCR notice pursuant to Rule 32, Ariz. R. Crim. P.  Ex. H.  However, appointed counsel subsequently filed a "Notice of No Colorable Claims" and requested an extension of the filing deadlines to allow Peyron to file a pro se PCR petition.  Ex. J.  The extension was granted, Ex. K, but Peyron did not file a pro se petition and, by order dated January 7, 2015, the trial court summarily denied relief. Ex. L.

1    Petitioner commenced this action with the filing of his original petition on

2 September 11, 2015. (Doc. 1).  He subsequently filed the now pending Amended

3 Petition on February 4, 2016.  (Doc. 8).  Peyron raises four claims in the Amended

4 Petition.   He claims (1) ineffective assistance of PCR counsel, (2) that he was

5 improperly convicted of felony murder because "the murder happened after [an]

6 attempt at any felony was over," (3) that his trial counsel was ineffective in arguing

7 to suppress his statements to police, and (4) that the prosecutor admitted that the

8 victims' testimony was inconsistent.  *Amended Petition*, pp. 6-9.

9    In their Limited Answer, Respondents address only two claims, Grounds Two

10 and Three of the Amended Petition.  In relation to those two claims, Respondents

11 contend that the claims were not exhausted, are procedurally defaulted, and therefore

12 must be dismissed.  As discussed below, the Court finds that Peyron not only failed

13 to exhaust Grounds Two and Three, but also Grounds One and Four.  He has not

14 established that any of the claims are properly before the Court and it is

15 recommended that the Amended Petition be dismissed.

16 **II.    Discussion**

17    The writ of habeas corpus provides relief to persons in custody pursuant to the

18 judgment of a state court in violation of the Constitution, laws, or treaties of the

19 United States.  28 U.S.C. §§ 2241(c)(3), 2254(a).  Petitions for habeas corpus relief

20 are governed by the Anti-terrorism and Effective Death Penalty Act of 1996

21 ("AEDPA").  28 U.S.C. § 2244.

22

1

## A.      Failure to Allege Constitutional Violations

2        Under Rule 2(c) of the Rules Governing Section 2254 Cases, a § 2254 petition

3  must state all grounds for relief that may be available to the petitioner, the particular

4  federal right allegedly violated, the facts supporting each ground, and the relief

5  requested.  In this case, Peyron has failed to expressly allege the constitutional right

6  allegedly violated in any of his claims for relief.  The allegations offered in support

7  of Grounds One and Three can generously be construed as alleging ineffective

8  assistance of trial counsel in violation of the Sixth Amendment.  However, in Ground

9  Two, Peyron alleges that the victims and witnesses testified that the killing occurred

10  after the robbery attempt was over and that the felony murder rule should not apply

11  to him. In Ground Four, Peyron asserts the victims' testimony was inconsistent.  In

12  neither ground does he allege the violation of a federal constitutional right, such as

13  the violation of his federal due process rights. *See Gutierrez v. Griggs*, 695 F.2d

14  1195, (9th Cir. 1983) (challenging the correctness of a state evidentiary ruling does

15  not allege a violation of a federal constitutional right).  Because no "clearly

16  established federal law" has been articulated, Peyron is not entitled to habeas relief

17  on Grounds Two and Four. 28 U.S.C. § 2254(d).  Moreover, as discussed below, all

18  four of Peyron's claims are unexhausted and procedurally defaulted.

19

## B.      Exhaustion and Procedural Default

20

### 1.      Legal Standards

21        Ordinarily, a state prisoner must exhaust his available state remedies before a

22  federal court may consider the merits of his habeas corpus petition.  *See* 28 U.S.C. §

1    2254(b)(1)(A); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999).  "[A] petitioner

2    fairly and fully presents a claim to the state court for purposes of satisfying the

3    exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through

4    the proper vehicle, and (3) by providing the proper factual and legal basis for the

5    claim."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations

6    omitted).

7       Exhaustion requires that a habeas petitioner present the substance of his

8    claims to the state courts in order to give them a "fair opportunity to act" upon these

9    claims.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999).  "To exhaust one's

10    state court remedies in Arizona, a petitioner must first raise the claim in a direct

11    appeal or collaterally attack his conviction in a petition for post-conviction relief

12    pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then

13    present his claims to the Arizona Court of Appeals.  *See Swoopes v. Sublett,* 196 F.3d

14    1008, 1010 (9th Cir. 1999).

15       Additionally, a state prisoner must not only present the claims to the proper

16    court, but must also present them fairly.  A claim has been "fairly presented" if the

17    petitioner has described the operative facts and federal legal theories on which the

18    claim is based.  *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Rice v. Wood*, 44

19    F.3d 1396, 1403 (9th Cir. 1995).  "Our rule is that a state prisoner has not 'fairly

20    presented' (and thus exhausted) his federal claims in state court unless he specifically

21    indicated to that court that those claims were based on federal law."  *Lyons v.*

22    *Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d

1    904 (9th Cir. 2001).  A petitioner must alert the state court to the specific federal

2    constitutional guaranty upon which his claims are based, *Tamalini v. Stewart*, 249

3    F.3d 895, 898 (9th Cir. 2001), however, general appeals in state court to broad

4    constitutional principles, such as due process, equal protection, and the right to a fair

5    trial, are insufficient to establish fair presentation of a federal constitutional claim.

6    *Lyons*, 232 F.3d at 669.  Moreover, it is not enough that a petitioner presented to the

7    state court all the facts necessary to support an inadequately identified federal claim

8    or that a "somewhat similar" state law claim was raised.  *Baldwin v. Reese*, 541 U.S.

9    27, 28 (2004); *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (mere similarity

10   between a claim of state and federal error insufficient to establish exhaustion).

11   "Exhaustion demands more than drive-by citation, detached from any articulation of

12   an underlying federal legal theory."  *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th

13   Cir. 2005).

14           In Arizona, claims not previously presented to the state courts on either direct

15   appeal or collateral review are generally barred from federal review because any

16   attempt to return to state court to present them would be futile unless the claims fit

17   into a narrow range of exceptions.  *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a)

18   (precluding claims not raised on direct appeal or in prior post-conviction relief

19   petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty

20   days of trial court's decision).  Because these rules have been found to be

21   consistently and regularly followed, and because they are independent of federal law,

22   either their specific application to a claim by an Arizona court, or their operation to

preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court.  *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (Rule 32, Ariz.R.Crim.P. is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in postconviction proceedings).

A federal court may not consider the merits of an unexhausted and procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice, or establish that a miscarriage of justice would result from the lack of review.  *See Schlup v. Delo*, 513 U.S. 298, 321 (1995).  To establish cause, a petitioner must point to some objective factor external to the defense impeded his efforts to comply with the state's procedural rules.  *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004).  "[C]ause is an external impediment such as government interference or reasonable unavailability of a claims factual basis."  *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations omitted).  Ignorance of the state's procedural rules or lack of legal training does not constitute legally cognizable "cause" for a petitioner's failure to fairly present a claim.  *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908-10 (9th Cir. 1986); *Schneider v. McDaniel*, 674 F.3d 1144, 1153 (9th Cir. 2012).  "Prejudice" is actual harm resulting from the constitutional violation or error.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996).

Alternatively, a federal court may review the merits of a procedurally defaulted claim where a petitioner can establish that a "fundamental miscarriage of

1  justice" would otherwise result.  *Schlup v. Delo*, 513 U.S. at 327.  A fundamental

2  miscarriage of justice exists when a constitutional violation resulted in the conviction

3  of one who is actually innocent.  *Id*.

### 2.  Analysis of Claims

#### a.  Ground One

6  In Ground One of the Amended Petition, Peyron alleges that:

> I had a [PCR] lawyer . . . who filed a no colorable claims on my Rule
> 32 when there was enough evidence that proved otherwise.  Fail
> assistance of counsel was what took place.

9  *Amended Petition*, p. 6.  Peyron then explains that his trial counsel was ineffective by

10  not providing him the police reports of the incident so he therefore could not

11  effectively assist in his defense.  *Id.*  He complains that he did not receive the

12  requested documentation until much later and that his lawyers' did not "put forth

13  good faith in [his] case."  *Id*.

14  Peyron does not contest that he failed to exhaust Ground One.  When asked

15  in the court-provided form why he did not present the claim to the Arizona Court of

16  Appeals, he responded that "my lawyer during trial failed to provide me with any

17  paperwork concerning my case and this is new evidence."  *Id*., p. 6.  As Peyron

18  recognizes, this claim was not presented to the Arizona Court of Appeals and was not

19  exhausted.  *Coleman*, 501 U.S. at 735 n. 1.  Respondents contend and Peyron does

20  not contradict, that Peyron is procedurally barred from now raising Ground One in

21  State court.  *See* Ariz.R.Crim.P. 32.2(a)(1) ("A defendant shall be precluded from

22  relief under [Rule 32] based upon any ground . . . [r]aisable on direct appeal . . . or on

1   post-trial motion . . . ."); Ariz.R.Crim.P. 32.2(a)(3) ("A defendant shall be precluded

2   from relief under [Rule 32] based upon any ground . . . [t]hat has been waived at trial,

3   on appeal, or in any previous collateral proceeding."); *Beaty v. Stewart*, 303 F.3d

4   975, 987 (9th Cir. 2002).  However, Peyron's allegations can charitably be construed

5   as alleging that his default is excused by the fact that his lawyers did not give him the

6   paperwork necessary to support his claims and as alleging ineffective assistance of

7   his PCR counsel in the failure to allege ineffective assistance of trial counsel.  As

8   such, the Court will consider whether Peyron has shown "cause" to excuse his

9   procedural default under the "narrow circumstances" described in *Martinez v. Ryan*,

10  132 S. Ct. 1309, 1318 (2012).

11      Under *Martinez*, Peyron bears the burden to show that "the underlying

12  ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that

13  the prisoner must demonstrate that the claim has some merit."  *Sexton v. Cozner*, 679

14  F.3d 1150, 1157 (9th Cir. 2012).  He has not done so.  Although he indicates that his

15  appellate lawyer provided him with the needed documents, he has not identified what

16  information from the police reports or other documents would have been useful to

17  him at trial or explained how that information would have established that his trial

18  counsel was ineffective.  It is not the court's role to search the record for evidence

19  that might support Peyron's claim of ineffective assistance of counsel.  *See*

20  *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which

21  are argued specifically and distinctly in a party's opening brief. We will not

22  manufacture arguments for an appellant, and a bare assertion does not preserve a

1  claim . . . .").  Because Peyron fails to prove this claim has any potential merit, the

2  procedural default of this claim is not excused.

3                  **b.**    **Ground Two**

4         In Ground Two, Peyron alleges that the victims of the robbery "both admit to

5  the murder happening after the fact," and contends that "[f]elony murder should not

6  apply."  *Amended Petition*, p. 7.  He asserts that the police reports establish that one

7  of the victims chased one of perpetrators from the building and shot him and

8  rhetorically asks, "Why follow or chase a man with a gun other than to inflict

9  harm[?]"  *Id*.  He contends that his trial counsel did not know these facts and that the

10 police reports and trial transcripts "prove the murder happened after [an] attempt of

11 any felony was over."  *Id*.

12        Again, Peyron does not contest that he failed to exhaust Ground Two.  He

13 states that he did not present the claim because "my [trial] lawyer . . . stated he would

14 handle the case & needed no help from myself."  *Id*., p. 7.  He has not countered the

15 Respondents' contention that the claim is procedurally barred under Arizona law.

16 *See* Ariz.R.Crim.P. 32.2(a)(1) ("A defendant shall be precluded from relief under

17 [Rule 32] based upon any ground . . . [r]aisable on direct appeal . . . or on post-trial

18 motion . . . .");  Ariz.R.Crim.P. 32.2(a)(3) ("A defendant shall be precluded from

19 relief under [Rule 32] based upon any ground . . . [t]hat has been waived at trial, on

20 appeal, or in any previous collateral proceeding.");  *Beaty*, 303 F.3d at 987.  As such,

21 the merits of the claims need not be addressed unless Peyron establishes cause and

22 prejudice or that a fundamental miscarriage of justice has occurred.

1    Peyron has not attempted to establish cause for the default and, even if he

2    could, he cannot establish prejudice because this claim is without merit.   The

3    Supreme Court has "repeatedly held that a state court's interpretation of state law . . .

4    binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76

5    (2005).  To overcome this prohibition, a petitioner must establish that that the state

6    court's interpretation was so arbitrary or capricious as to constitute an independent

7    due process or Eighth Amendment violation.  *See Lewis v. Jeffers*, 497 U.S. 764, 780

8    (1990).  Without such a showing, the federal court is bound by the state court's

9    interpretation of its own law, including its felony murder statute.  *Hawkins v. Mullin*,

10   291 F.3d 658, 662-63 (10th Cir. 2002); *see also Estelle v. McGuire*, 502 U.S. 62, 68

11   (1991) (federal habeas corpus relief does not lie for errors of state law, and federal

12   courts may not reexamine state court determinations on state law issues).

13   Arizona's murder statute, A.R.S. § 13-1105 provides, defines felony murder

14   as committing a predicate felony, including robbery and kidnapping, "and, in the

15   course of and in furtherance of the offense or immediate flight from the offense, the

16   person or another person causes the death of any person."  A.R.S. § 13-1105(2).

17   Here, it is undisputed that the decedent ran out the back door of the stereo store and

18   was shot by one of the victims of the robbery and, when the police arrived, they

19   found him dead behind the store.  These facts fit squarely within the Arizona felony

20   murder statute and Peyron has identified no authority that suggests, much less

21   establishes, that Arizona has interpreted the statute in an arbitrary or capricious

22   manner.  As such, the default of this claim is not excused.

12

1

<strong>c.      Ground Three</strong>

2     In Ground Three of the Amended Petition, Peyron alleges that his trial counsel

3  "argued a motion but had no proof.  He also lied to the court."  *Amended Petition*, p.

4  8.  Peyron proceeds to explain that his trial counsel filed a motion to suppress his

5  post-arrest statements on the grounds that Peyron had suffered a head injury and

6  concussion during the robbery and should not have been questioned.  *Id*.  He

7  contends that trial counsel should have produced the results of a CT scan procedure

8  that he underwent after his arrest.  *Id*.

9     Although Peyron appealed the trial court's denial of his motion to suppress on

10  direct appeal, it was never raised as a claim of ineffective assistance of counsel.  Ex.

11  E, pp. 3-5.  Peyron does not contend otherwise, explaining that "[t]his evidence was

12  not seen" by PCR counsel.  *Id*.  Thus, the claim was not exhausted.  Additionally,

13  Peyron has not countered the Respondents' contention that the claim is procedurally

14  barred under Arizona law.  *See* Ariz.R.Crim.P. 32.2(a)(1) ("A defendant shall be

15  precluded from relief under [Rule 32] based upon any ground . . . [r]aisable on direct

16  appeal . . . or on post-trial motion . . . ."); Ariz.R.Crim.P. 32.2(a)(3) ("A defendant

17  shall be precluded from relief under [Rule 32] based upon any ground . . . [t]hat has

18  been waived at trial, on appeal, or in any previous collateral proceeding."); *Beaty*,

19  303 F.3d at 987.  However, like those raised in Ground One, Peyron's allegations can

20  be construed as alleging that his default is excused by the fact that his PCR counsel

21  was ineffective for failing to allege ineffective assistance of trial counsel.  As such,

22

13

1   the Court will consider whether Peyron has shown "cause" to excuse his procedural

2   default under the "narrow circumstances" described in *Martinez*.

3   　　As noted previously, under *Martinez*, Peyron bears the burden to show that

4   "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one,

5   which is to say that the prisoner must demonstrate that the claim has some merit."

6   *Sexton*, 679 F.3d at 1157.  He has not done so.  Under *Strickland v. Washington*, 466

7   U.S. 668 (1984), a meritorious ineffective assistance of counsel claim requires that a

8   petitioner show: (1) deficient performance– that counsel's representation fell below

9   the objective standard for reasonableness; and (2) prejudice– there is a reasonable

10  probability that, but for counsel's unprofessional errors, the result of the proceeding

11  would have been different.  *Id*. at 687-88.  In the Amended Petition, Peyron merely

12  mentions that he had a CT scan and contends that his counsel should have presented

13  it in relation to the motion to suppress his statement to police.  However, he does not

14  claim that the information contained in the scan was reasonably likely to change the

15  outcome of his motion to suppress or subsequent trial.  *See Bragg v. Galaza*, 242

16  F.3d 1082, 1088 (9th Cir. 2001) (petitioner failed to establish prejudice where he did

17  "nothing more than speculate" that a witness would have provided helpful

18  testimony); *see also Lambert v. Blodgett*, 393 F.3d 943, 982 (9th Cir. 2004) ("Courts

19  have generally rejected claims of ineffective assistance premised on a failure to

20  investigate where the . . . additional evidence was unlikely to change the outcome at

21  trial."); *Jackson v. Calderon*, 211 F.3d 1148, 1154-55 (9th Cir.2000) (finding no

22  prejudice from counsel's alleged failure to investigate when petitioner did not meet

14

1  his burden to present evidence that investigation would have revealed favorable

2  evidence).  Nor could he effectively make such an argument.  In addressing this

3  claim on direct appeal, the Arizona Court of Appeals rightly noted that Peyron had

4  offered no evidence to support his contention that he had sustained a "severe

5  concussion."  Ex. E, p. 4.  The court also noted that he had been released from the

6  hospital and that during the interrogation showed no outward signs suggesting his

7  will had been overborne.  Ex. E, p. 5.  These considerations establish that this claim

8  has no potential merit and that Peyron is entitled to no relief under *Martinez* for his

9  procedural default of this claim.

10                          **d.      Ground Four**

11         In Ground Four, Peyron alleges that the prosecutor admitted that one of the

12  victims, A.M., "says one thing & at trial another."  In support of this claim, Peyron

13  points out that there were minor discrepancies in the victims' testimony, both saying

14  they pushed the other, and that this testimony was inconsistent with their previous

15  statements.  *Amended Petition*, p. 9.  Once again, Peyron admits that this claim was

16  not presented to the Arizona Court of Appeals, stating that "none of my lawyer[s]

17  seen these facts."  *Id*.  He has not countered the Respondents' contention that the

18  claim is procedurally barred under Arizona law.  *See* Ariz.R.Crim.P. 32.2(a)(1) ("A

19  defendant shall be precluded from relief under [Rule 32] based upon any ground . . .

20  [r]aisable on direct appeal . . . or on post-trial motion . . . ."); Ariz.R.Crim.P.

21  32.2(a)(3) ("A defendant shall be precluded from relief under [Rule 32] based upon

22

15

1    any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral

2    proceeding."); *Beaty*, 303 F.3d at 987.

3         The Court cannot consider the merits of this unexhausted and procedurally

4    defaulted claim unless Peyron can demonstrate cause for his noncompliance and

5    actual prejudice. *See Schlup*, 513 U.S. at 321. Petitioner has attempted to do neither.

6    As a threshold matter, it is unlikely that Peyron could show prejudice based on the

7    admission of evidence under state law because such claims rarely warrant habeas

8    relief. *Estelle*, 502 U.S. at 67. Moreover, the Court cannot discern from the

9    argument what prejudice is alleged to have come from the purported inconsistencies.

10   *See Magby*, 741 F.2d 244 ("prejudice" is actual harm resulting from an alleged

11   constitutional error or violation); *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th

12   Cir. 2009) (no basis for habeas relief based on admission of evidence unless it

13   renders trial "fundamentally unfair"). Because Peyron has not identified a

14   constitutional violation that resulted in prejudice, and because an error of state law is

15   insufficient to overcome his procedural default, this claim is not properly before the

16   Court and must be dismissed.

17   **III.    Recommendation**

18        Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the

19   District Court, after its independent review, **dismiss** Peyron's Amended Petition for

20   Writ of Habeas Corpus (Doc. 10).

21        This Recommendation is not an order that is immediately appealable to the

22   Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1),

1  Federal Rules of Appellate Procedure, should not be filed until entry of the District

2  Court's judgment.

3  However, the parties shall have fourteen (14) days from the date of service of

4  a copy of this recommendation within which to file specific written objections with

5  the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the

6  Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen (14) days

7  within which to file a response to the objections.  Replies shall not be filed without

8  first obtaining leave to do so from the District Court.  If any objections are filed, this

9  action should be designated case number: **CV 15-0414-TUC-JGZ**.  Failure to timely

10  file objections to any factual or legal determination of the Magistrate Judge may be

11  considered a waiver of a party's right to *de novo* consideration of the issues.  *See*

12  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).

13  Dated this 10th day of February, 2017.

16  Honorable Jacqueline M. Rateau

17  United States Magistrate Judge

17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22